FILED
APR 04 2019
*signature*
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding   No. 19-mj-34

19-063-04                               AFFIDAVIT IN SUPPORT OF SEARCH
                                        AND SEIZURE WARRANT
                                        "REDACTED"

I, Steven Ebmeier, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) and 3117 for information about the location of the cellular telephone fully described in Attachment A, attached hereto and incorporated herein by reference (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach, FL 33408. The location information to be seized is described herein and in Attachment B, attached hereto and incorporated herein by reference.

2. I am a Special Agent with the Drug Enforcement Administration and have been so employed for approximately fifteen years. I am currently assigned to the DEA Sioux Falls Resident Office in Sioux Falls, SD and charged with investigating federal criminal drug violations. I have prior law enforcement experience with the U.S. Customs Service, U.S. Probation Office Western District of Texas and the Texas Department of Criminal Justice. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from Brent Heald, an officer with the Sioux City, Iowa Police Department assigned to the DEA Tri-State Drug Task Force in Sioux City, other agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of federal controlled substance laws (21 U.S.C. §§ 841 and 846) and possession of firearms by a prohibited person (18 U.S.C. § 922), have been committed, are being committed, and will continue to be committed by ▮▮▮▮▮ (hereinafter ▮▮▮). There is also probable cause to believe that the location information described in Attachment B will constitute evidence

of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

## **PROBABLE CAUSE**







16. In my training and experience, I know that distributors of controlled substances seldom keep a rigid schedule as to when they purchase/obtain controlled substances; rather, controlled substances are purchased/obtained only after their current supply is gone, or nearly gone, and money from selling their current supply is collected. Therefore, conducting continuous physical surveillance of targets of investigation in an attempt to ascertain when the target of this investigation would be traveling to locations to purchase/obtain quantities of methamphetamine, heroin, cocaine, marijuana or any other drugs would not be practical and would almost certainly reveal that law enforcement was watching them. Monitoring the target of investigation by GPS technology would allow law enforcement to know when the target of this investigation was traveling to locations that are not normally associated with legitimate activities, thus allowing law enforcement to concentrate physical surveillance activities during times/locations that are suspected to be involved in illicit activities.

17. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also

know through my training and experience that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

18. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available.

19. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone.

**AUTHORIZATION REQUEST**

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there

is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

23. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

_____
Special Agent Steven Ebmeier
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence on the ___4th___ day of April, 2019, at Sioux Falls, South Dakota.

_____
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A "REDACTED"
**Property to Be Searched**

1. The cellular telephone assigned call number ▮▮▮▮▮▮▮ (the "Target Cell Phone") whose wireless service provider is AT&T, a company headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach, FL 33408.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of AT&T.

# ATTACHMENT B "REDACTED"
## Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.